UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WARK ENTERPRISES LLC, WARK DEVELOPMENT LLC, SCOTT COMBS DEVELOPMENT LLC, BRUCE N. WARK, and SCOTT COMBS,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION CORPORATE, FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for the Bank of Clark County and MULTIBANK 2009-1 RES-ADC VENTURE, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. C10-5166RJB<br><br>ORDER ON MOTION FOR RECONSIDERATION OF COURT ORDER OF JULY 20, 2010 |

This matter comes before the Court on Plaintiffs' Motion for Reconsideration of Court Order of July 20, 2010. Dkt. 42. The Court has reviewed the pleadings filed in favor of motion and the remainder of the record herein.

I. **FACTS**

The facts of this case are related in the July 20, 2010, Order on Motion to Dismiss, Motion for Continuance and Motion for Limited Discovery (Dkt. 38, at 1-4) and are adopted herein by reference. On

ORDER
Page - 1

1  July 20, 2010, the Federal Deposit Insurance Corporation Corporate's ("FDIC-Corporate") motion to
2  dismiss was granted. Dkt. 38. Plaintiffs were held to have failed to establish that they had standing to
3  assert claims against FDIC-Corporate. *Id.,* at 6. Plaintiffs failed to show that they as borrowers had
4  suffered an invasion of a legally protected interest at the hands of FDIC-Corporate. *Id.* They failed to
5  show that the injury that they alleged - FDIC-Receiver's repudiation of their loans - was fairly traceable to
6  FDIC-Corporate. *Id.* Plaintiffs claims against FDIC-Corporate were additionally dismissed because
7  Plaintiffs failed to point to any "cognizable legal theory" against FDIC-Corporate under which they are
8  entitled to relief. *Id.*, at 8. Plaintiffs' motion for limited discovery was denied . Dkt. 38. Plaintiffs now
9  move for reconsideration of the July 20, 2010, Order. Dkt. 42.

## II.   DISCUSSION

11  Western District of Washington Local R. Civ. P. 7(h) provides in relevant part as follows:

12  Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal
13  authority which could not have been brought to its attention earlier with reasonable diligence.

14  Plaintiffs' motion for reconsideration (Dkt. 42) should be denied. Plaintiffs fail to show a manifest
15  error in the prior ruling or new facts or legal authority which could not have been brought to the Court's
16  attention earlier. Plaintiffs first argue that the Court "erroneously based its ruling upon grounds that
17  FDIC-Corporate should not be a party because there was no showing that the alleged misconduct of
18  FDIC-Corporate damaged the Plaintiffs." Dkt. 42, at 3. Plaintiffs argue that FDIC-Corporate did not
19  make this argument, and so Plaintiffs did not address it. *Id.* This objection is without merit. In their
20  argument on whether Plaintiffs had standing under Article III, FDIC-Corporate cited *Lujan v. Defenders*
21  *of Wildlife*, 504 U.S. 555, 560-561 (1992), and argued "the failure of BOCC to advance loan proceeds, or
22  FDIC-Receiver's reaffrming the loans but failing to advance loan proceeds, are not 'fairly traceable' to
23  FDIC-Corporate's regulation of BOCC." Dkt. 17, at 10-11. Plaintiffs still fail to show that they suffered
24  an invasion of a legally protected right at the hands of FDIC-Corporate as distinct from FDIC as receiver.
25  Plaintiffs have still failed to show that the actions of FDIC-Corporate are "fairly traceable" to Plaintiffs'
26  alleged injuries.

27  Plaintiffs argue that "the Purchase and Assumption Agreement between Umpqua Bank and both
28  FDIC-Corporate and FDIC-Receiver omits revealing the source of the funds used or intended to be used

for guarantee or indemnification provided for in the Purchase and Assumption Agreement." Dkt. 42, at 4. Plaintiffs move for reconsideration, arguing that "if FDIC-Corporate actually crossed the line and used funds guaranteed by the full faith and credit of the United States, it is guilty of misconduct." Dkt. 42, at 3. They argue that FDIC-Corporate then has "unclean hands similar to the explanations in *Olmstead v. United States,* 277 U.S. 438 (1928); *Precision Instrument MFG. Co. V. Automotive Maintenance Machinery Co.,* 324 U.S. 806, 814 (1946); and *McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352 (1995) and is stripped of its defenses." Dkt. 42, at 5. Plaintiffs argument is wholly without merit. *Olmstead v. United States,* 277 U.S. 438 (1928) is a criminal case, and the sole question before the Court was whether "the use of evidence of private telephone conversations between the defendants and others, intercepted by means of wire tapping, amounted to a violation of the Fourth and Fifth Amendments." *Precision Instrument MFG. Co. V. Automotive Maintenance Machinery Co.,* 324 U.S. 806 (1946) is a breach of contract case between private parties involving the defense of unclean hands. *McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352 (1995) is a case brought under the Age Discrimination in Employment Act wherein the Court ruled on issues related to evidence of wrongdoing acquired after employee's termination. These cases make reference to the doctrine of unclean hands, but are not cases involving the FDIC-Corporate. As stated in the July 20, 2010, Order, Plaintiffs still fail to show that they have standing to bring a claim against FDIC-Corporate or articulate any "cognizable legal theory" against FDIC-Corporate. Plaintiffs point out that FDIC-Receiver has alleged "unclean hands" against Plaintiffs. Dkt. 42, at 5, n. 2. As stated in the July 20, 2010, Order, FDIC-Corporate and FDIC-Receiver are distinct legal entities. Dkt. 38.

Plaintiffs further object to the ruling denying their motion for limited discovery. Dkt. 42, at 6. Plaintiffs' motion for limited discovery was denied as to FDIC-Corporate as it was no longer a party to the case. Dkt. 38. Plaintiffs' motion for limited discovery was denied without prejudice as to the other parties in the case because Plaintiffs made no showing that they complied with the Federal Rules of Civil Procedure. *Id.* Plaintiffs provide no basis no to overrule the prior order on the discovery motion.

Plaintiffs lastly move for reconsideration on the ground that the Court erred in not allowing them the "customary opportunity to replead." Dkt. 42, at 6. Plaintiffs' claims against FDIC-Corporate were dismissed pursuant to Fed. R. Civ. P. 12(b)(1) as Plaintiffs failed to show that they had standing to assert

claims against FDIC-Corporate. Dkt. 38. Further, Plaintiffs' claims against FDIC-Corporate were dismissed because they were not based upon a "proper legal theory." Dkt. 38. If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id*. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service,* 572 F.3d 962, 972 (9th Cir. 2009). Plaintiffs have made no showing that the claims against FDIC-Corporate could be saved by any amendment.

### III.   ORDER

Therefore, it is hereby, **ORDERED** that:

- Plaintiffs' Motion for Reconsideration of Court Order of July 20, 2010 (Dkt. 42) is **DENIED**;
- The July 20, 2010, Order on Motion to Dismiss, Motion for Continuance and Motion for Limited Discovery (Dkt. 38) is **AFFIRMED**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of August 2010.

Robert J Bryan
United States District Judge